UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

THE NEW YORK TIMES COMPANY AND
AND RON NIXON,

                            Plaintiffs,

                      **COMPLAINT**
                      16-cv-2901

                - against -

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY,

                            Defendant.

_____

       Plaintiffs THE NEW YORK TIMES COMPANY and RON NIXON, by their undersigned attorneys, allege for their Complaint:

       1.       This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking an order for the production of agency records improperly redacted by Defendant in response to a FOIA request properly made by Plaintiffs.

## PARTIES

       2.       Plaintiff The New York Times Company is the publisher of The New York Times ("The Times") newspaper. The New York Times Company is headquartered in this judicial district at 620 Eighth Avenue, New York, N.Y.

       3.       Plaintiff Ron Nixon is a reporter for The Times.

       4.       Defendant Department of Homeland Security ("DHS") is an agency of the federal government that has possession and control of the records that Plaintiffs seek.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

6.      Venue is premised on the place of business of Plaintiffs and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

7.      Plaintiffs have exhausted all administrative remedies in respect to the request at issue.  DHS failed to respond to Plaintiffs' FOIA administrative appeal in the time allotted by FOIA, and therefore Plaintiffs are deemed to have exhausted all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

## FACTS

8.      In the aftermath of the September 11 attacks, DHS created and financed dozens of regional intelligence-gathering offices known as "fusion centers" across the United States.

9.      The primary purpose of these fusion centers was to improve the federal, state, and local governments' ability to coordinate their counterterrorism efforts.  The failure of various government agencies to "connect the dots" and share intelligence information among themselves prior to the September 11 attacks was a major criticism of the 9/11 Commission, and the fusion center initiative was undertaken to address those shortcomings.

10.     The fusion centers' specific responsibilities have evolved since their inception, but they ultimately aim to organize and manage the flow of intelligence information across levels and sectors of government and private industry.

11. DHS, through its Office of Intelligence and Analysis ("I&A"), measures each fusion center's achievement of operational priorities (known as "Critical Operational Capabilities") and commitment to core values (known as "Enabling Capabilities"). DHS issues annual reports summarizing its findings.

12. The fusion centers drew scathing public criticism in 2012, when Senate investigators released a report questioning not only the fusion centers' efficacy in promoting counterterrorism efforts but also DHS's oversight of as much as $1.4 billion earmarked for the fusion centers (the "Senate Report"). The Senate Report also accused DHS officials of attempting to cover up known problems with the fusion centers.

13. On December 8, 2015, The Times submitted a request to DHS for the annual assessments of the fusion centers for the years 2009 to 2014 (the "Request").

14. On January 15, 2016, DHS redacted certain information before releasing responsive documents (the "Partial Denial"). DHS stated that the redacted portions were properly withheld and exempt from disclosure under FOIA, citing 5 U.S.C. §§ 552b(5), (7)(E), and (7)(F).

15. On March 15, 2016, The Times administratively appealed the Partial Denial (the "Administrative Appeal").

16. On March 30, 2016, DHS acknowledged receipt of the Administrative Appeal.

17. An administrative appeal must be decided within twenty (20) business days pursuant to 5 U.S.C. § 552(a)(6)(A)(ii).

18. DHS has not decided Plaintiffs' Administrative Appeal.

## COUNT

19. Plaintiffs repeat, reallege, and incorporate the allegations in the foregoing paragraphs as though fully set forth herein.

20. DHS is an agency subject to FOIA, 5 U.S.C. § 552(f), and must therefore release in response to a FOIA request any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any materials as to which it is claiming an exemption.

21. Under 5 U.S.C. § 552(a)(6)(A), DHS was required to make a determination with respect to the Administrative Appeal within twenty (20) business days of receipt.

22. Under 5 U.S.C. § 552(a)(6)(C), a person making a request for materials under FOIA "shall be deemed to have exhausted his administrative remedies with respect to such a request if the agency fails to comply with the applicable time limit provisions" of FOIA.

23. Accordingly, Plaintiffs are deemed to have exhausted their administrative remedies as to the Request.

24. DHS has asserted no lawful basis under FOIA for withholding the redacted information in the documents produced in response to the Request.

25. DHS's failure to disclose the redacted information violates FOIA.

26. Plaintiffs are entitled to an order compelling DHS to produce unredacted versions of the documents sought by the Request.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

      a.      Declare that the documents sought by the Request, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

      b.      Order DHS to produce unredacted versions of those documents to Plaintiffs within 20 business days of the Court's order;

      c.      Award Plaintiffs the costs of this proceeding, including reasonable attorney's fees, as expressly permitted by FOIA; and

      d.      Grant Plaintiffs such other and further relief as this Court deems just and proper.

Dated: New York, New York
       April 19, 2016

                                           /s/
                                 David E. McCraw, Esq.
                                 Tali R. Leinwand, Esq.
                                 Legal Department
                                 The New York Times Company
                                 620 Eighth Avenue - 18th Floor
                                 New York, NY 10018
                                 phone: (212) 556-4031
                                 fax: (212) 556-1009
                                 e-mail: mccraw@nytimes.com
                                 *Counsel for Plaintiffs*